**STEERS SAND & GRAVEL CORPORATION v. WORTMANN & SONS, Inc., et al. THE H. S. INC. NO. 63.**

District Court, S. D. New York.
Sept. 24, 1947.

Macklin, Brown, Lenahan & Speer, of New York City, for libellant.

John P. Smith, of New York City (Joseph A. Minch, of New York City, of counsel), for respondent.

Van Orman & Harmon, of New York City (James A. Travis, of New York City, of counsel), for impleaded respondents.

LEIBELL, District Judge.

Libellant, Steers Sand & Gravel Corp., as owner of the Scow "H. S. INC. #63", brought a suit in admiralty in this court on December 2, 1946. The libel charged that the respondent, Wortmann & Sons, Inc., on June 6, 1944, was engaged in unloading the scow which was moored at Hoffman Island with a cargo of sand and gravel; that the crane used in unloading the cargo "was so negligently operated and controlled, etc. by respondent that the bucket thereof was caused to strike heavily against the scow, all of which caused considerable damage to the said Scow 'H. S. INC. #63.'" The damages claimed are $600. The respondent, Wortmann & Sons, Inc., filed an answer to the libel on December 20, 1946.

On July 15, 1947, the respondent, Wortmann & Sons, Inc., filed a petition to implead William Pratt and James Pratt, doing business as Pratt Brothers, under Admiralty Rule 56, 28 U.S.C.A. following section 723. The petition alleged in paragraphs Third, Fifth and Sixth:

"Third: That on or about June 6, 1944 respondent-petitioner was engaged in unloading cargo from the Scow 'H. S. Inc. #63' which was moored at Hoffman Island with a cargo of sand and gravel. Said unloading of the said cargo was made by means of a crane which was owned, operated and controlled by Pratt Brothers, their servants, agents and employees."

"Fifth: Upon information and belief that if any damages were sustained by libellant with respect to the Scow 'H. S. Inc. #63' as alleged in the libel, such damages were caused solely by the negligence and wrongful acts of Pratt Brothers and their agents, servants and employees in that they were careless in the manner in which the said crane was being operated and controlled; in that they failed to inspect the crane, its bucket, guarded machinery, appliances and equipment used in connection with the work; in that they used and continued to use guarded machinery, appliances and equipment with respect to the said crane which they knew was and had become worn, defective and unsafe; in that they failed to properly instruct their agents, servants and employees in the performance of their duties and that Pratt Brothers was negligent in other respects at this time unknown to respondent-petitioner."

"Sixth: That if libellant sustained the damages alleged by reason of any negligence or fault other than its own, then such damages were sustained by the active, primary and original negligence of Pratt Brothers as alleged in the libel and without any negligence on the part of respondent-petitioner contributing thereto."

The proctors for the impleaded respondents, Pratt Brothers, have brought on a motion "for the purpose of excepting to the petition of the respondent, Wortmann & Sons, Inc., upon the following grounds:

"1. That the petition herein does not disclose any maritime lien or claim as between these respondents upon which a decree in admiralty may rest.

"2. That the petition herein does not disclose any claim or lien as a result of which this Court has jurisdiction against the impleaded-respondents.

"3. That the said petition does not state any cause of action for damages in admiralty against the impleaded-respondents."

A contract to unload a vessel is for the performance of a maritime service. Atlantic Transport Co. v. Imbrovek, 234 U.S. 52, at pages 61 and 62, 34 S.Ct. 733, 58 L.Ed. 1208, 51 L.R.A.,N.S., 1157. The scow was moored in navigable waters at Hoffman Island (within the jurisdiction of this

court) while the cargo was being unloaded. The impleading petition alleges that the damage was sustained by the scow while the crane was being operated by employees of the impleaded respondent, Pratt Brothers, who are charged with having negligently operated the crane and thus causing the damage. . This court has jurisdiction of the claim asserted by respondent, Wortmann & Sons, Inc., against the impleaded respondent, Pratt Brothers. The motion of the impleaded-respondent is denied.